CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. ELIZA GROVES *et al.*

(Filed July 30, 1898.)

RAILROAD CORPORATIONS—*Service of Process—Conductor of Train.* A ra'l-road company ran a short branch of its line from Liberal, Kan., into Beaver county, for a distance of from four to six miles, for the purpose of taking up cattle from a cattle chute, which it had located at the end of the branch. No station agent was located at the end of the line or at the cattle chute. The short piece of track was managed by the agent at Liberal. Passengers were not carried for hire over the piece of track referred to. No freight charges were made for carrying the cattle upon it. The trains ran irregularly, and only when trains of cattle were to be shipped from the Territory; and these trains were billed and charged for from Liberal. No depot building was erected at the point referred to, and no shelter was provided for passengers or freight, and no other freight was carried upon the line except cattle received at the chute men--

tioned. The point is not referred to in the defendant company's printed lists of stations or time schedules, and there is no evidence to show that the company ever intended to establish a station there. *Held*, that under a statute which provides that service of process may be had by "leaving a copy thereof, certified by the officer to whom the same is directed to be a true copy, at any depot or station of such company or corporation in such county, with some person in charge thereof, or in the employ of such company or corporation," by serving a copy thereof upon the conductor who has charge of the cattle train at the point in question, is not such a service as will be deemed "complete and effectual."

(Syllabus by the Court.)

*Error from the Probate Court of Beaver County; before Carter Tracey, Probate Judge.*

*John I. Dille* and *W. E. Clark*, for plaintiff in error.

*A. S. Dickson*, for defendant in error.

### STATEMENT OF FACTS.

Action by Eliza Groves and Della Ballinger, partners doing business under the firm name of Groves & Ballinger, against the Chicago, Rock Island & Pacific Railway company. Judgment for plaintiffs. Defendant brings error. Reversed.

This suit was brought in the probate court of Beaver county by the defendants in error, (plaintiffs below,) to recover damages for the loss of dry goods which the defendant, (plaintiff in error here,) undertook, as a common carrier, to transport from Kansas City, Mo., to Meade, Kan. The return upon the writ of summons showed that the service of the same was had upon the defendant "by delivering and leaving a true copy thereof, with all indorsements thereon, duly certified to be a true copy, at the station of said defendant, the Chicago, Rock Island and Pacific Railway company, at Tyron, in said Beaver county, Oklahoma Territory, with William L.

Gane, a conductor, a person·in the employ of said defendant." The defendant moved to quash the service of summons, and appeared specially for that purpose. The motion averred that Gane was neither a "local superintendent of repairs, freight agent, agent to sell tickets, station keeper, or other officer or agent of defendant, and was not president, chairman of board of directors or trustees, or other chief officer, or cashier, secretary, clerk, or managing agent of the defendant, and (2) that the defendant had no office, depot, or station in Beaver county, nor (3) had it ever designated any person in Beaver county upon whom process might be served. The motion was heard upon. affidavits, which showed the · facts averred in the motion, and also that Gane was a conductor in the denfendant's employment, engaged at the time of the service in switching cars in Beaver county, loaded with stock; that the defendant had not, during any part of the year in which the process was issued and attempted to be served, had or maintained any depot, station, station house, station building, or office in the transaction of defendant's business in Beaver county, and had not had or maintained any line of railroad in or through said county, except a line, spur, or switch track of railroad extending from the town of Liberal, Kan., from four to six miles in length, and that this piece of track was under the charge and control of defendant's station agent located at the said town of Liberal; that the time tables published by the defendant road contained a list of all stations and depots of the defendant located or maintained in Oklahoma Territory, but did not show any station or depot in Beaver county, and that the only use

made of the piece of track mentioned during the time referred to, and long prior thereto, was to switch cars thereon, and at irregular intervals to load live stock thereon, at a place in said county, where it had provided a cattle chute and stock pens; and that no stock was, during the month of September, in which the summons was attempted to be served, and long prior thereto; billed from said place in Beaver county; and that no charge was made for hauling such stock therefrom, but all such stock was billed from its station at Liberal at the same rates and charges as for stock loaded at Liberal; and that no passengers were received in Beaver county, or carried into said county, from whom conpensation was received. The stock pens and chute were at the end of the piece of railroad referred to, and a large number of cars were loaded annually at the chute, to be shipped over the road of the defendant, at irregular intervals. The motion was overruled, exception reserved, judgment entered for the plaintiffs, and the case brought here upon an assignment of errors which specified (1) error in overruling the motion of plaintiff to quash and set aside the service of summons, (2) error in rendering judgment, and (3) want of jurisdiction.

Opinion of the court by

McATEE, J.: Sections 68a-c of the Code of Civil Procedure (Statutes Oklahoma 1893,) describe the manner in which summons must be served upon corporations. The service was invalid under either of the first three sections, and, if valid at all, must be under section 68c, which provides that: "If any railroad * * company or corporation fail to designate or appoint such persons as in the preceding sections is provided and required (upon whom service of summons might be had) such process may

be served on any local superintendent of repairs, freight agent, agent to sell tickets or station keeper of such company or corporation, in such county, or such process may be served by leaving a copy thereof, certified by the officer to whom the same is directed, to be a true copy, at any depot or station of such company or corporation in such county, with some person in charge thereof, or in the employ of such company or corporation, and such service shall be held and deemed complete and effectual." William Gane, upon whom the service was made, was a conductor of the defendant company, and was in its "employ," and, as the return of the summons shows, was found at the station of said defendant. And the question in the case is whether the place at which service was had was, in the sense of the statute, such a "station" as is comtemplated in the statute. The point was passed upon by the court below, and the place where the summons was served upon Gane was determined, under the facts in the case, to have been a "station," and the point is now here to be considered and determined upon the facts and the law.

The defendant had no station agent in the county of Beaver. The business of the short spur or piece of track laid into Beaver county was managed from Liberal. Regular trains were not run by the defendant into Beaver county, but were stopped at Liberal. Passengers were not carried, at least for hire, over the piece of track referred to. Charges were not made for running trains upon that track. The trains ran irregularly, and only when trains of cattle were to be shipped from the Territory; and these trains were billed and charged for from Liberal. No point in Beaver county was treated as a station. No depot building was erected there, and no

agent kept there. It is not shown that any shelter was provided for either passengers or freight, or that any freight was shipped over the piece of track referred to, except that cattle were shipped at irregular intervals from the cattle chute mentioned in the affidavits. The point is not referred to in the company's printed list of stations or time schedules, and there is no evidence to show that the company ever intended to establish a station at this place. We cannot, therefore, hold that the point at which summons was served upon the conductor, who was in the "employ" of the defendant, to have been a station, under the meaning of the statute, and must, therefore, hold the service to have been void. There is no equity in the matter in behalf of the defendants in error, since the statute provides that service may be made upon the "local superintendent of repairs" of the railway company. (*State v. New Haven & N. Co.*, 41 Conn. 134; *Railroad Co .v. Pickard*, 8 Colo. 163, 6 Pac. 149; *Beauchamp v. Railroad Co.*, 56 Tex. 239.)

The judgment is reversed, and the cause dismissed.

All of the Justices concurring.